UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **GREGORY T. ELLIOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 3:13-cv-00126 |
| | ) | Judge Sharp |
| v. | ) | |
| | ) | |
| **A. WEBER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**M E M O R A N D U M**

The plaintiff, an inmate at the Montgomery County Jail in Clarksville, Tennessee, brings this *pro se, in forma pauperis* action against corrections officer A. Weber and Sergeant f/n/u McCrobie in their official capacities only, alleging claims under 42 U.S.C. § 1983. (Docket No. 1).

Under the Prison Litigation Reform Act (PLRA), this court is required to conduct an initial screening of a prisoner's civil complaint if, as in this case, it is filed *in forma pauperis* or if it seeks redress from a governmental entity or official. After the initial screening, the court must dismiss the complaint *sua sponte* before service on any defendant if the complaint is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**I.   ALLEGATIONS IN THE COMPLAINT**

According to the complaint, on January 24, 2013, defendant corrections officer Weber did not open the plaintiff's cell at the time that the plaintiff desired after the plaintiff returned to his cell

after having forgotten his soap for a shower. (Docket No. 1 at p. 5). The plaintiff believes that officer Weber's actions were discriminatory towards the plaintiff. (*Id*.) Officer Weber cited the plaintiff for yelling during the incident, and the plaintiff does not believe that he should have received a reprimand. (*Id*. at p. 7 & Attachs.) The plaintiff had a visit scheduled for that same evening, which was canceled, and the plaintiff believes that was unfair. (*Id*.)

The complaint further alleges that inmates are not provided with a copy of the jail's rules and regulations and that there is no effective grievance process at the jail. (*Id*. at p. 8). In addition, the complaint alleges that Sergeant McCrobie told the plaintiff that she hated to deal with "you people" and the plaintiff believes this statement was discriminatory. (*Id*.)

On the basis of these factual allegations, the plaintiff asserts claims against the defendants for violations of the plaintiff's Fifth, Eighth, and Fourteenth Amendment rights. (*Id*. at p. 5).

## II. PLRA SCREENING

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

The plaintiff names corrections officer Weber and Sergeant McCrobie as defendants in their official capacities only. (Docket No. 1 at p. 4). A suit against these defendants in their official capacities is a suit against the defendants' official office rather than the individuals themselves. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The plaintiff alleges in his complaint that both defendants Weber and McCrobie are employed by the Montgomery County Jail. In essence, then, the plaintiff's official capacity claims are against the Montgomery County, the entity that operates the Montgomery County's jail. *See Kentucky v. Graham*, 473 U.S. 159 (1985).

In order to bring a Section 1983 claim against Montgomery County, which is a municipal entity, the plaintiff must claim that the alleged violations of his constitutional rights stemmed from a policy, regulation, decision, custom, or the tolerance of a custom of such violations. *See Board of County Commissioners v. Brown,* 520 U.S. 397, 403-04 (1997); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The county cannot be sued merely on the theory that it employed a person who violated the plaintiff's civil rights. *Monell*, 436 U.S. 658, 690.

Here, the plaintiff has not alleged the existence of a Montgomery County policy or custom that is causally related to any of his injuries, or that either defendant was acting pursuant to a county-sanctioned custom or policy. Because the plaintiff has not asserted that the county itself, beyond being the employer of the defendants, had any involvement in the alleged wrongdoing, the claims against the defendants in their official capacities will be dismissed for failure to state claims upon which relief may be granted.

### III. CONCLUSION

For the reasons explained above, the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order will follow.

_____
Kevin H. Sharp
United States District Judge